**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

COVER SHEET

| | |
|---|---|
| **Plaintiff(s)**<br><br>THOMAS CANTWELL<br>27 Thomas Street<br>Pittsburgh, PA 15205-2730 | Case Number :<br><br>☐ - ☐ - ☐ |
| | Type of pleading :<br><br>Complaint |
| | Code and Classification : |
| | Filed on behalf of<br><br>Plaintiff, Thomas Cantwell |
| **Vs**<br>**Defendant(s)** | (Name of the filing party) |
| FIRSTENERGY CORP.<br>4400 Easton Commons Way, Suite 124<br>Columbus, OH 43219<br><br>FIRSTENERGY GENERATION LLC<br>4400 Easton Commons Way, Suite 124<br>Columbus, OH 43219<br><br>FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP.<br>128 Ferry Hill Road<br>Shippingport, PA 15077 | ☑ Counsel of Record<br>☐ Individual, If Pro Se |
| | Name, Address and Telephone Number :<br><br>Robert J. Mongeluzzi, Esquire<br>David L. Kwass, Esquire<br>Elizabeth A. Bailey, Esquire<br>1650 Market Street, 52nd Floor<br>Philadelphia, PA 19103<br>(215) 496-8282 |
| | Attorney's State ID :  36283 |
| | Attorney's Firm ID : |

EXHIBIT

A

PENGAD 800-631-6989

**EDGAR SNYDER & ASSOCIATES**
BY: ROBERT J. FISHER, JR.
IDENTIFICATION NO. 92026
600 GRANT STREET, FL 10
PITTSBURGH, PA 15219                         ATTORNEYS FOR
(412) 391-2101                               PLAINTIFF

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/ DAVID L. KWASS/
ELIZABETH A. BAILEY
IDENTIFICATION NO. 36283/65856/316689
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA  19103
(215) 496-8282

| | |
|---|---|
| **THOMAS CANTWELL**<br>27 Thomas Street<br>Pittsburgh, PA 15205-2730<br><br>*Plaintiff*<br>v.<br><br>**FIRSTENERGY CORP.**<br>4400 Easton Commons Way, Suite 124<br>Columbus, OH 43219<br><br>**FIRSTENERGY GENERATION LLC**<br>4400 Easton Commons Way, Suite 124<br>Columbus, OH 43219<br><br>**FIRSTENERGY GENERATION**<br>**MANSFIELD UNIT 1 CORP**.<br>128 Ferry Hill Road<br>Shippingport, PA 15077<br><br>*Defendants* | ALLEGHENY COUNTY<br>COURT OF COMMON PLEAS<br><br>LAW DIVISION<br><br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.  PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-1701" | SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.  ASOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701" |

## COMPLAINT – CIVIL ACTION

1.     Plaintiff Thomas Cantwell ("Plaintiff" or "Cantwell") is an adult citizen and resident of Pennsylvania, residing at the above-captioned address.

2.     Defendant FirstEnergy Corporation is a corporation or other business entity organized and existing under the law of the State of Ohio and a Pennsylvania registered foreign corporation with a registered office at 4400 Easton Commons Way, Suite 124, Columbus, OH 43219.

3.     At all relevant times, Defendant FirstEnergy Corporation has carried out, and continues to carry out regular, substantial, continuous and systematic business activities in the Commonwealth of Pennsylvania, specifically within Allegheny County.

4.     At all relevant times, Defendant FirstEnergy Corporation was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and employment with FirstEnergy Corp.

5.      Defendant FirstEnergy Generation LLC is a Limited Liability Company or other business entity organized and existing under the law of the State of Ohio and a Pennsylvania registered foreign company with a registered office at 4400 Easton Commons Way, Suite 124, Columbus, OH 43219.

6.      At all relevant times, Defendant FirstEnergy Generation LLC has carried out, and continues to carry out regular, substantial, continuous and systematic business activities in the Commonwealth of Pennsylvania, specifically within Allegheny County.

7.      At all relevant times, FirstEnergy Generation LLC was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and employment with FirstEnergy Generation LLC.

8.      Defendant FirstEnergy Generation Mansfield Unit 1 Corp. is a corporation or other business entity organized and existing under the law of the State of Ohio and a Pennsylvania registered foreign corporation with a principal place of business at 128 Ferry Hill Road, Shippingport, PA 15077.

9.      At all relevant times, FirstEnergy Generation Mansfield Unit 1 Corp. has carried out, and continues to carry out regular, substantial, continuous and systematic business activities in the Commonwealth of Pennsylvania, specifically within Allegheny County.

10.     At all relevant times, FirstEnergy Generation Mansfield Unit 1 Corp. was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency, service and employment with FirstEnergy Generation Mansfield Unit 1 Corp.

11.     Defendants FirstEnergy Corporation, FirstEnergy Generation LLC, and FirstEnergy Generation Mansfield Unit 1 Corp shall hereinafter be referred to collectively as "FirstEnergy Defendants."

12.     At all relevant times, one or more of the FirstEnergy Defendants owned, controlled, possessed, and/or maintained the coal-fired power plant known as the Bruce Mansfield Plant located at 128 Ferry Hill Road, Shippingport, PA 15077 ("Mansfield Plant").

13.     At all relevant times, Plaintiff was working for one or more of the Enerfab companies.

14.     At all relevant times, one or more of the Enerfab companies was under contract with one or more of the FirstEnergy Defendants to perform work and/or maintenance at the Mansfield Plant.

15.     In the hours between August 29 and August 30, 2017, Plaintiff was working for one or more of the Enerfab companies at the Mansfield Plant.

16.     On that date, Plaintiff and several other Enerfab workers were instructed by one or more of the FirstEnergy Defendants to remove an elbow joint from a pipe ("subject pipe") in a partially underground and partially enclosed concrete structure. The structure has limited access and egress and is therefore a confined space as defined by OSHA.

17.     Plaintiff was instructed that subject pipe contained water only.

18.     Plaintiff, Kevin Bachner, John Gorchock, Nathanial Compton, and Michael Gorchock were performing the necessary work near the bottom of the structure while Mark Wagner, employee of one of the FirstEnergy Defendants, remained at the top.

19.     During the work, a circuit breaker tripped, leading to a power outage which in turn caused darkness in the structure. Plaintiff climbed out of the structure to reset the circuit breaker and restore lighting.

20.     Immediately after Plaintiff climbed out of the structure, a noxious, dangerous and/or poisonous gas believed to be hydrogen sulfide was released from the subject pipe.

21.     Plaintiff restored power and light, then returned the structure, at which point, he heard screams and other sounds of distress from the workers at the bottom. Plaintiff leaned over the exit ladder to determine what was happening and found Nathanial Compton and Michael Gorchock climbing the ladder to get out.

22.     Mr. Compton successfully pushed Michael Gorchock out of the structure, but lost consciousness on the ladder before finishing his own climb.

23.     Plaintiff leaned down the ladder to grab Mr. Compton in an attempt to rescue him, but lost consciousness as a result of his own exposure to the gas.

24.     Plaintiff, Mr. Compton and Mr. Gorchock were all found outside of the structure by rescue crews and taken to local hospitals for treatment.

25.     Kevin Bachner and John Gorchock were unable to escape and died, either from their exposure to the gas or from drowning in the structure while unconscious.

26.     As a direct and proximate result of the negligent conduct of Defendants, Plaintiff sustained severe physical injuries, the full extent of which have yet to be determined, including:

    a)    Loss of consciousness requiring hospitalization and treatment;

    b)    Permanent damage to his nervous, cardiovascular and respiratory systems;

    c)    Severe and permanent injury to his arms, shoulders and back;

d)   Injury, irritation and inflammation of the eyes, nose, mouth and throat;

e)   Trauma, stress, anxiety, post-traumatic stress disorder, and other mental and psychological injuries;

f)   Severe and conscious pain and suffering from the injuries sustained in this incident.

27.   As a direct and proximate result of the negligent conduct of Defendants, Plaintiff incurred substantial economic damages, the full extent of which have yet to be determined, including past and future medical expenses, lost past and future wages, and loss of future earning capacity.

**COUNT I- NEGLIGENCE**
**PLAINTIFF V. FIRSTENERGY DEFENDANTS**

28.   Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if set forth at length.

29.   At all relevant times, the FirstEnergy Defendants owned, operated, managed and/or controlled Mansfield Plant where Plaintiff was injured and as such, owed a duty to those persons lawfully entered upon the premises, including Plaintiff, as business invitees, to provide a reasonably safe environment, free from hazards and unseen dangers and conditions.

30.   At all relevant times, the FirstEnergy Defendants had a duty to supervise of the work being performed at the Mansfield Plant and to establish plans, recommendations, designs, and specifications for the performance of the work.

31.   The FirstEnergy Defendants owed a duty to those persons engaged in work at the Mansfield Plant to provide a reasonably safe environment, free from hidden and/or unreasonable hazards, with adequate and appropriate safety procedures.

32.     The FirstEnergy Defendants were careless and negligent in numerous respects, including, without limitation, the following:

a)      Failing to inspect the contents of the subject pipe;

b)      Failing to ensure the subject pipe was safe and/or properly cleared before work began;

c)      Failing to ensure that employees, contractors, subcontractors and/or other third parties involved in the work were properly experienced or trained for the work that was to be performed;

d)      Failing to properly label the subject pipe with appropriate warnings;

e)      Failing to adequately test the air quality of the structure before work began;

f)      Failing to require and/or implement continuous air monitoring during work;

g)      Failing to warn employees, contractors, subcontractors and/or other third parties of the dangers of the subject pipe;

h)      Failing to supply employees, contractors, subcontractors and/or other third parties with appropriate OSHA-compliant personal protective equipment;

i)      Failing to ensure that employees, contractors, subcontractors and/or other third parties had and were using appropriate OSHA-compliant personal protective equipment;

j)      Failing to perform a workplace evaluation for the work area involved in this incident to determine if it was a "confined space" as defined by OSHA;

k)      Failing to obtain a permit for work in a confined space before work began in violation of OSHA;

l)      Failing to warn or inform exposed employees, contractors, subcontractors and/or other third parties, by posting danger signs or by any other equally effective means, of the existence and location of and the danger posed by the confined spaces;

m)      Failing to implement or require a site-specific safety plan or the work area involved in this incident;

n)      Failing to inform employees, contractors, subcontractors and/or other third parties that the workplace contains confined permit spaces and that permit

space entry is allowed only through compliance with a permit space program, in violation of OSHA 1910.146(c)(8)(i);

o)   Failing to ensure employees, contractors, subcontractors and/or other third parties that the workplace complied with the permit space program, in violation of OSHA 1910.146(c)(8)(i);

p)   Failing to apprise employees, contractors, subcontractors and/or other third parties of the elements, including the hazards identified and FirstEnergy Defendants' experience with the space, that make the space in question a permit space, in violation of OSHA 1910.146(c)(8)(ii);

q)   Failing to apprise employees, contractors, subcontractors and/or other third parties of any precautions or procedures that FirstEnergy Defendants implemented for the protection of employees in or near permit spaces where contractor personnel will be working, in violation of OSHA 1910.146(c)(8)(iii);

r)   Failing to coordinate entry operations with employees, contractors, subcontractors and/or other third parties when both FirstEnergy Defendants' personnel and contractor personnel will be working in or near permit spaces, in violation of 1910.146(c)(8)(iv);

s)   Failing to design and implement an escape and/or rescue plan for confined spaces at the Mansfield facility;

t)   Failing to familiarize employees, contractors, subcontractors and/or other third parties with the subject pipe;

u)   Failing to mandate and ensure that employees, contractors, subcontractors and/or other third parties had received proper safety training related to work on pipes and around hazardous gas;

v)   Failing to provide employees, contractors, subcontractors and/or other third parties proper safety training related to work on pipes and around hazardous gas;

w)   Failing to mandate and ensure that employees, contractors, subcontractors and/or other third parties had received proper safety training on confined spaces prior to working in a confined space in compliance with OSHA 1910.146;

x)   Failing to provide employees, contractors, subcontractors and/or other third parties proper safety training on confined spaces prior to working in a confined space in compliance with OSHA 1910.146;

y)     Failing to ensure the subject pipe had an emergency shut off valve accessible in the enclosed well;

z)     Failing to ensure that employees, contractors, subcontractors and/or other third parties were trained or instructed as to the location of an emergency shut off for the subject pipe;

aa)     Failing to create and implement a system to prevent the buildup of poisonous gas in the subject pipe;

bb)     Failing to supervise and monitor employees, contractors, subcontractors and/or other third parties in their work;

cc)     Failing to provide appropriate OSHA-compliant rescue and emergency equipment;

dd)     Failing to properly equip the subject pipe;

ee)     Failing to properly inspect the subject pipe;

ff)     Failing to maintain the subject pipe;

gg)     Failing to install and/or maintain a forced air ventilation system in the work area involved in this incident;

hh)     Failing to ensure the safety of employees, contractors, subcontractors and/or other third parties performing work at the Mansfield Plant; and

ii)     Failing to ensure the safety of the work performed at the Mansfield Plant.

33.     By reason of the carelessness and negligence of the FirstEnergy Defendants, Plaintiff sustained the severe injuries set forth above.

34.     By conducting itself as set forth above, FirstEnergy Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of Plaintiff's injuries.

WHEREFORE, Plaintiff Thomas Cantwell demands judgment in his favor and against the Defendants in an amount in excess of Thirty-Five Thousand Dollars ($35,000.00) including delay damages interest and allowable costs of suit and bring this action to recover same.

EDGAR SNYDER & ASSOCIATES

By: _____
Robert J. Fisher, Jr, Esq.

SALTZ MONGELUZZI BARRETT & BENDESKY

By: _____
Robert J. Mongeluzzi, Esq.
David L. Kwass, Esq.
Elizabeth A. Bailey, Esq.
Attorneys for Plaintiff Thomas Cantwell

Date: October 5, 2017

## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of the 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

THOMAS CANTWELL

Date: 10-4-17